CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY BORNSTEIN (CABN 99358)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7289
    FAX: (415) 436-7234
    Jeffrey.bornstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:23-CR-00382 JSC and 3:25-CR-00139 JSC |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| JAIRO MENDOZA ERAZO, | Date:    October 15, 2025<br>Time:    10:00 a.m.<br>Court:   Hon. Jaqueline S. Corley |
| Defendant. | |

## INTRODUCTION AND SUMMARY

On November 1, 2023, in *United States v. Jairo Mendoza Erazo*, 3:23-CR-00382 JSC, the defendant was convicted of Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) in the Northern District of California and sentenced to time served plus one day, followed by a three-year term of supervised release. Mendoza-Erazo was ordered to comply with the rules and regulations of the United States Immigration and Customs Enforcement and, if deported, was not to reenter the United States without the express consent of the Secretary of the Department of Homeland Security.

UNITED STATES' SENTENCING MEMORANDUM
3:23-CR-00382 JSC and 3:25-CR-00139 JSC    1

1    Mendoza-Erazo was deported to Honduras on November 22, 2023. PSR ¶ 7.

2    On or about December 19, 2024, Mendoza-Erazo was found back in the United States. He was arrested by the Alameda County Narcotics Task Force for Unlawful Sale or Transport of Controlled Substances in violation of California Health and Safety Code Section 11352(a). During standard booking procedures, Mendoza-Erazo's fingerprints were taken and electronically submitted to the California Department of Justice, NCIC/NGI, and DHS/ICE databases. Upon review of the database information, it was determined that the fingerprints were those of Mendoza-Erazo. There were no records indicating that Mendoza-Erazo obtained official consent from the Attorney General or the Secretary of Homeland Security at any time to reapply for admission into the United States.

A Form 12 was filed for his Supervised Release violations arising out of his conviction and sentence on November 1, 2023, in case 23-CR-00382 JSC and his subsequent deportation on November 22, 2023. In addition, a new charge was brought charging Illegal Reentry Following Removal by an Aggravated Felon, in violation of 8 U.S.C. § 1326(a) and (b)(2) in case 3:25-CR-00139 JSC.

If accepted by the Court, the parties and the Probation Office all agree that a reasonable and appropriate sentence is as follows: a sentence in 23-CR-00382 JSC of 24 months imprisonment for the supervised release violations plus a consecutive sentence of imprisonment of 12 months in 25-CR-00139 JSC for the new criminal case, for a total of 36 months in total, with credit for time served starting only after he was transferred into federal custody on or after April 15, 2025. Such a sentence is just and appropriate and satisfies all the Section 3553(a) factors.

## STATEMENT OF FACTS

Mendoza Erazo was arrested by the Alameda County Narcotics Task Force on December 19, 2024, in Oakland, California. On that day, the Alameda County Narcotics Taskforce served a search warrant at 3621 Patterson Avenue in Oakland, California. A search of the residence revealed several dime sized zip lock bags inside a black Hilfiger jacket with a gross weight of 34.3 grams of suspected cocaine. Also found on the jacket was a sandwich sized bag with smaller dime sized zip lock bags inside which contained a white rock like substance and black tar substance. The contents were separated and revealed 17 grams of suspected heroin and 12.9 grams of suspected cocaine. Underneath the jacket

detectives found a black Lacoste satchel which contained several plastic sandwich bags tied in a knot containing a white powdered substance. The item tested presumptive positive for fentanyl and had a total gross weight of 208.1 grams.

Also found inside the residence was $5,991 in U.S. currency in multiple denominations. All items were near Mr. Mendoza's living area. Mr. Mendoza's Honduras identification card was found inside the top drawer of a dresser along with a digital scale and empty plastic zip lock baggies. He was charged with Unlawful Sale or Transport of Controlled Substances, in violation of California Health and Safety Code Section 11352(a), a felony, and pleaded no contest on March 20, 2025. He was sentenced to 220 days imprisonment on April 17, 2025.

A Form 12 was filed based on his violation of his supervised release conditions in 3:23-CR-00382 JSC, and new charges were bought in connection with his illegal reentry into the United States in 25-CR-00139 JSC. He waived indictment and was charged in an Information with Illegal Reentry Following Removal by an Aggravated Felon in violation of 8 U.S.C. § 1326(a) and (b)(2).

In his Plea Agreement and later allocution before this Court, the defendant admitted that: (1) he was removed from the United States in 2023; (2) thereafter, he voluntarily reentered the United States; (3) after entering, he knew that he was in the United States and knowingly remained; (4) he was found in the United States[1] without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States; (5) he was an alien at the time he voluntarily reentered and knowingly remained in the United States; and (6) he was free from official restraint at the time he voluntarily reentered and knowingly remained in the United States.

The Defendant has two aggravated felony convictions: (1) on November 1, 2023, of the aggravated felony of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) in the United States District Court for the Northern District of California; and, (2) his conviction in Alameda County Superior Court of another aggravated felony on April 17, 2025, for Unlawful Sale or Transport of Controlled Substances, including cocaine and fentanyl in violation of California Health and Safety Code § 11352(a), a felony, in Alameda County Superior Court.

---

[1] Mendoza Erazo was arrested by the Alameda County Narcotics Task Force on December 19, 2024, in Oakland, California. This date would be considered his found in date following his removal.

## SENTENCING GUIDELINES ANALYSIS

In the Presentence Report, the Probation Office confirmed the Defendant's two aggravated felony convictions discussed above. The Probation Office and the parties agree that the Defendant's Total Offense Level is 13 and his Criminal History Category II, yielding a sentencing range of 15-21 months.

The Probation Office agrees with the parties' joint recommendation to impose a 24-month sentence in 23-CR-00382 JSC, for the protection of the community and to ensure compliance with the Court's Orders as embodied in the imposed supervised release conditions, including that the Defendant not reenter the United States without permission. For the new crime of illegal reentry following a deportation after a conviction by an aggravated felon in case 25-CR-00139 JSC, the Probation Office agrees with the parties' joint recommendation to impose a term of imprisonment of 12 months consecutive to the 24 months imposed on the supervised release violation, for a total of 36 months in custody, with credit for time served starting only after he was transferred into federal custody on or after April 15, 2025.

**I.   Applying the Section 3553 Factors to Mr. Mendoza-Erazo**

Mr. Mendoza-Erazo is 35 years old and said he was born in and living in Honduras until he illegally came to the United States in 2023. PSR ¶ 38. He was then living in Oakland, California, until he was arrested, convicted, and removed from the United States in or about November 2023. He then returned to Oakland and was living there until he was arrested again in 2024. *Id*. As set forth in the PSR, "Mr. Mendoza-Erazo and his family were poor; hence, he left school and began working in agriculture at the age of seven." PSR at ¶ 40. He says that his "access to food was limited" and "their family did not have access to running water," except what they could collect from a nearby creek." *Id*. He has limited education; he reports that he only completed the third grade. He also had inconsistent work opportunities from what the parties can discern. *See*, PSR ¶¶ 54, 57-58.

There are more aggravating factors than mitigating ones in this case. They include the Defendant's initial conviction and deportation and his subsequent decision to violate the terms and conditions of his release by committing the new crime of illegal reentry. Not only did he illegally return

to the United States, but he also continued to be involved in the drug trade, as evidenced by his arrest in late 2024 and conviction in Alameda County in early 2025. The need to protect the public from the Defendant and the need for specific and general deterrence is paramount here.

With that in mind, the United States recommends that the Court impose the highest end of what is permissible in the Form 12 proceeding: two years incarceration. The United States recommends that the Court should then impose a 12-month consecutive sentence on the new immigration offense that both punishes the Defendant and protects the public from his dangerous activities.

The Defendant has a girlfriend and two children he also supports in Honduras. The United States hopes that he can find a way to legally support them and help them to be productive contributors to society in a positive way and to not follow in his footsteps.

## II.    The necessity of the proposed supervised release special conditions

A three-year term of supervised release is the maximum for Illegal Reentry cases. In addition, the Plea Agreement requires the standard and special conditions that were attached to the Agreement as Exhibit A. Under the terms of supervised release as contemplated herein, not only will Mr. Mendoza-Erazo be prohibited from engaging in any further unlawful conduct, but he will be prohibited from entering the Tenderloin without prior approval by U.S. Probation:

> Unless authorized by U.S. Probation, the defendant shall neither enter nor be present in the area in San Francisco bordered on the west by Laguna, on the north by Sutter Street, on the east by Powell Street and 3rd Street, and on the south by Folsom Street.

Combined with a suspicion-less search condition, to which the parties have also agreed, Section 3553(a)'s goals of protecting the public from the defendant and providing meaningful deterrence will be significantly advanced by the terms of the proposed conditions of supervised release.

The Defendant will almost certainly be deported for both his aggravated felony drug convictions and now his illegal reentry conviction. In the unlikely case he is not deported, the stay-away condition is necessary given the circumstances of Tenderloin drug trafficking, where courts in this District have encountered recidivism from previously sentenced defendants, including those who have been removed from the country but who nonetheless returned to sell controlled substances in the Tenderloin. *See, e.g.*, *United States v. Luis Almicar Erazo-Centeno*, 3:23-cr-00002-CRB; *United States v. Gamez-Arguilio*,

3:17-CR-00553-CRB.

On the facts of this case, under the Section 3553(a) factors and given the provisions of the Plea Agreement, the government respectfully submits that the contemplated disposition here is sufficient but not greater than necessary to accomplish the goals of Section 3553(a).

## CONCLUSION

For all the reasons set forth herein, the United States urges the Court to adopt the parties' joint recommendation that the Court sentence Mr. Mendoza-Erazo as follows: a sentence in 23-CR-00382 JSC of 24 months imprisonment for the supervised release violations plus a consecutive sentence of imprisonment of 12 months in 25-CR-00139 JSC for the new criminal case, for a total of 36 months in total, with credit for time served starting only after he was transferred into federal custody on or after April 15, 2025. There should also be three years of supervised release that should commence upon his release from custody on both cases, with the special conditions agreed to by the parties in the Plea Agreement, including the stay-away and suspicion-less search conditions and those other standard conditions set forth in Appendix A to the Plea Agreement.  Such a sentence is just and appropriate and satisfies all the Section 3553(a) factors.

DATED:  October 8, 2025                                              Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


    /s/
Jeffrey Bornstein
Assistant United States Attorney